**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────────────────────

**RICHARD WILLIAMS,**

                        **Plaintiff,**

      v.                                                   9:11-CV-1158

**MARK LEONARD, IMAM
KHALIL ABDUL KABIR,
T. LaVALLEY, JOE HASKELL,**

                        **Defendants.**
───────────────────────────────────────────────

**THOMAS J. McAVOY,
Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

      This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. Thérèse Wiley Dancks, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. Local Rule 72.3(c). In her Report-Recommendation [dkt. # 20], Magistrate Judge Dancks recommends that Defendants' motion to dismiss for failure to state a claim [dkt. # 12] be granted in part and denied in part. Specifically, she recommends that the retaliation claim regarding meal prices be dismissed with leave to amend, and that the following claims be dismissed without leave to amend: (1) the claims for monetary damages against Defendants in their official capacities; (2) any claim asserted on behalf of other inmates and/or their guests;

(3) the First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims for monetary damages regarding the length of Plaintiff's pants; (4) the First Amendment, RLUIPA, and Equal Protection Clause claims for monetary damages regarding Plaintiff's family's participation with him during the Eid el-Adha holy day; and (5) any claim asserting a generalized right to visitation. Dkt. # 20 at 32-33. In addition, Magistrate Judge Dancks recommends that Defendants be directed to answer the following claims: (1) the First Amendment claim for injunctive relief regarding the length of Plaintiff's pants; (2) the RLUIPA claim for injunctive relief regarding the length of Plaintiff's pants; (3) the First Amendment claim for injunctive relief regarding family participation in Eid el-Adha; (4) the RLUIPA claim for injunctive relief regarding family participation in Eid el-Adha; (5) the equal protection claim for injunctive relief regarding family participation in Eid el-Adha; and (6) the equal protection claim for damages and injunctive relief regarding meal prices. Id. at 33. Plaintiff has filed an objection to Magistrate Judge Dancks' report. Dkt. # 21.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the

2

magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, no 06 Civ. 13320(DAB)(JCF), 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011) (citations omitted) (interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009) (same).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., Nos. 06 Civ. 5450(LTS)(DFE), 07 Civ. 3436 (LTS)(DFE), 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

### III. DISCUSSION

#### a. Plaintiff's Objections to the Report-Recommendation

Plaintiff's sole objection to Magistrate Judge Dancks' Report-Recommendation is with respect to the application of qualified immunity. See generally dkt. # 21. Specifically, Plaintiff objects to the recommendation that the First Amendment and RLUIPA claims for monetary damages concerning Plaintiff's request to wear his pants above his ankles, and Plaintiff's First Amendment, RLUIPA, and Equal Protection Clause claims for monetary damages concerning his family's participation in the Eid El-Adha holy day at the correctional facility, be dismissed on account of qualified immunity. Dkt. # 20 at 17-18, 24-27. Plaintiff contends that in determining "whether it would be clear to a reasonable officer

3

that his conduct was unlawful in the situation he confronted . . . ," Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (internal quotation marks omitted),[1] Magistrate Judge Dancks framed the federally protected rights at issue too narrowly. Dkt. # 21 at 2-3.

### 1.  Plaintiff's Request to Wear his Pants Above his Ankles

Plaintiff asserts that his religious beliefs require him to wear his pants rolled above his ankles at all times, but alleges that Defendants initially refused to allow this practice at all, and then, sometime in 2009, allowed the practice but only while engaged in religious observations. It also appears that sometime in 2010, Defendants allowed Plaintiff to wear his pants at ankle length at all times, purportedly because of advice given by a non-defendant imam and the Office of Ministerial Services.

There is no dispute that Magistrate Judge Dancks correctly determined that Plaintiff pleaded legally plausible First Amendment and RLUIPA claims related to pants length, see dkt. # 20 pp. 14-15, 18, and set forth the proper standard for determining whether Defendants should be granted qualified immunity. See id. at pp. 15-17.

As to the application of qualified immunity, Magistrate Judge Dancks concluded:

[T]he right at question here is the right for Muslim inmates to wear their pants above their ankles at all times. The decisional law of the Supreme Court and the Second Circuit does not support the existence of the right in question. At the time of the Defendants' actions there were no cases dealing substantively with the issue of the length of Muslim inmates' pants. Under preexisting law a reasonable Defendant would not have understood that his or her acts were unlawful. Further, it was objectively reasonable for Defendants at the time of the challenged action to believe their acts were lawful. Defendants conferred with the Great Meadows Imam and outside Imams regarding the policy and apparently received their support.

---

[1] This is the second prong of the two prong qualified immunity test. The first prong requires the court to consider "whether the facts, viewed in the light most favorable to the plaintiff, establish a constitutional violation . . . ." Dkt. # 20 at 15 (citing Sira v. Morton, 380 F.3d 57, 68-69 (2d Cir. 2004)). Magistrate Judge Dancks concluded that this first prong was satisfied on all five claims at issue in this objection. See Dkt. # 20 at 15-16, 18, 23-26.

4

> Thus, it would not be clear to a reasonable officer that his conduct was unlawful at the time.

Id. at 17.

Magistrate Judge Dancks recommended that "the Court find that Defendants are entitled to qualified immunity from the First Amendment [and RLUIPA claims] against them for civil damages regarding the length of Plaintiff's pants and dismiss that claim accordingly. Because better pleading would not cure this defect, I recommend that the Court dismiss the claim without leave to amend." Id. pp. 17-18. Plaintiff argues that Magistrate Judge Dancks framed the right at issue too narrowly, and, therefore, the Court should reject the recommendation.

Before addressing whether the right in issue was too narrowly framed, it is imperative to recognize that Magistrate Judge Dancks found two bases to apply qualified immunity - 1) that the right in issue was not recognized by the Second Circuit or the Supreme Court; and 2) that the facts presented to Defendants would have not lead reasonable officers to believe their conduct was unlawful in the situation they confronted. The second of these alone is a proper and sufficient basis for the grant of qualified immunity, but the facts alleged in the Complaint are unclear as to when Defendants were advised that the practice of at-ankle-length pants outside of religious observations and above-ankle-length pants during religious observations was in keeping with Plaintiff's religious beliefs. Moreover, the allegations in the Complaint indicate that before Defendants were purportedly advised of the propriety of the at-ankle-length/above-ankle-length protocol, they were advised by an iman that Muslims who practiced Islam should be allowed to wear their pants above the ankle at all times. See dkt. # 20, p. 6. Thus, due to

5

the conflicting factual issues regarding the propriety of different pant lengths for Muslim inmates, qualified immunity cannot be granted on this issue at this time.

Turning to whether the right in issue was clearly established, Magistrate Judge Dancks correctly indicates that "courts must avoid 'framing the constitutional right at too broad a level of generality.'" Dtk. # 20 at 16 (citing Redd v. Wright, 597 F.3d 532, 536 (2d Cir. 2010)). However, while Redd requires that the constitutional issue be framed with "reasonable specificity," Redd, 597 F.3d at 536, the right must not be framed too narrowly. "Describing the right at issue overly broadly eviscerates the protections of qualified immunity; describing it too narrowly negates the possibility of redress." Nagle v. Marron, 663 F.3d 100, 114 (2d Cir. 2011).

> In order to prevent the margin of immunity from overshadowing our interests in recovery . . . the right in question must not be restricted to the factual circumstances under which it has been established. Thus, the Supreme Court has declined to say that "an official action is protected by qualified immunity unless the very action in question has previously been held unlawful," and has, instead, chosen a standard that excludes such immunity if "in the light of pre-existing law the unlawfulness [is] apparent."

Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 129 (2d Cir. 2004) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)); see also Zagaja v. Village of Freeport, No. 10–cv–3660 (JFB)(WDW), 2013 WL 2405440, at *15 (E.D.N.Y. June 3, 2013) (same).

It is well established in the Second Circuit that "prison officials may not substantially burden inmates' right to religious exercise without some justification . . . ." Salahuddin v. Goord, 467 F.3d 263, 275-76 (2d Cir. 2006); see also Redd, 597 F.3d at 537. Magistrate Judge Dancks correctly indicates that "the facts viewed in the light most favorable to Plaintiff establish a constitutional violation" as to the pants length issue, dkt. # 20 at 16,

6

and that "Defendants . . . have not identified [at this stage of the litigation] any legitimate penological reason for their refusal to allow Plaintiff to wear his pants at the length mandated by his religion." Id. at 15. Absent a legitimate penological interest for the below-ankles requirement (which, on this Rule 12(b)(6) motion, the Court must assume did not exist), Defendants could have reasonably anticipated before that their refusals to allow Plaintiff to wear his pants above his ankles at all times substantially burdened his right to religious exercise without justification. See Jolly v. Coughlin, 76 F.3d 468, 477 (2d Cir. 1996) (A prisoner's sincerely held religious belief is "substantially burdened" "where the state puts substantial pressure on an adherent to modify his behavior and to violate his beliefs."). Thus, in light of pre-existing law, see e.g. Salahuddin, 467 F.3d at 275-76, the unlawfulness of the conduct would be apparent. This is so even though there are no cases from the Second Circuit or Supreme Court that specifically address whether a Muslim inmate may wear his pants at a particular length. Accordingly, qualified immunity on this claim must be denied at this time.

Because rights under RLUIPA are addressed substantially the same as rights under the First Amendment, the same conclusion is reached as to the RLUIPA claim based upon pants length. See RLUIPA, 42 U.S.C. § 2000cc-1(a) ("No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.").

To be clear, the Court is not saying that Defendants may not be entitled to qualified

7

immunity on these claims, but only that, at this stage of the litigation, existing factual questions impacting the pants length rule prohibits the application of this immunity. See McKenna v. Wright, 386 F.3d 432, 436 (2d. Cir. 2004);[2] Walker v. Mendoza, No. 00–CV–93(JG), 2000 WL 915070, at *7 (E.D.N.Y. June 27, 2000) ("[I]t is generally premature to address the defense of qualified immunity in a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).") (citing Green v. Maraio, 722 F.2d 1013, 1018 (2d Cir.1983)).

### 2. Plaintiff's Request for Family Participation in Eid El-Adha

Plaintiff alleges that his religious beliefs require him to observe the Eid el-Adha holy day with his family but has been denied the ability to do so. Plaintiff also alleges that Native American inmates are allowed to participate with family members during nine religious holy days whereas Muslims are limited to one holy day that is not Eid el-Adha. Dkt. # 20 at 19. Plaintiff argues that Magistrate Judge Dancks framed the right at issue too narrowly when applying qualified immunity to Plaintiff's First Amendment, RLUIPA, and Equal Protection Clause claims for monetary damages resulting from Defendants' actions in prohibiting Plaintiff's family from participating during Eid el-Adha.[3]

---

[2]The Second Circuit noted in McKenna,

> a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route. Not only must the facts supporting the defense appear on the face of the complaint, but, as with all Rule 12(b)(6) motions, the motion may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Thus, the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense.

386 F.3d at 436 (citations and internal quotation marks omitted).

[3]With respect to the First Amendment claim for damages, Magistrate Judge Dancks concluded that Defendants were entitled to qualified immunity because "'there was no clearly established decisional law of the Supreme Court or of the Second Circuit that . . . allowed family visitation during the Eid prayer festival.'" Dkt. # 20 at 24 (quoting dkt. # 12-1 at 10). Similarly, with respect to the RLUIPA claim for damages,

8

On the First Amendment claim, Magistrate Judge Dancks correctly observed that "[t]he face of the complaint pleads facts plausibly suggesting that Defendants substantially burdened Plaintiff's sincere religious belief that family participation is required at Eid el-Adha . . .," and that Defendants have failed to identify a legitimate penological interest justifying this policy. Dkt. # 20 at 23. However, for the reasons discussed above with regard to the application of qualified immunity on the pants length claim, the Court cannot conclude at this stage of the litigation that Defendants are entitled to qualified immunity. The absence in the record of a legitimate penological interest justifying the exclusion of family members from this particular religious holiday—but not others—creates a question of fact preventing the application of immunity on this claim at this time.

With respect to the RLUIPA claim, Magistrate Judge Dancks correctly concluded:

> Plaintiff has alleged facts plausibly suggesting that Defendants have placed a substantial burden on his religious exercise. Moreover, Defendants have not, at this point in the litigation, demonstrated what governmental interest supports the policy regarding family participation in Eid el-Adha. Defendants have thus failed to establish that the burden on Plaintiff was in furtherance of a compelling government interest or that it was the least restrictive means of furthering this compelling government interest. Therefore, Plaintiff has alleged facts plausibly suggesting that Defendants violated his rights under RLUIPA.

Dkt. # 20 at 25.

For the same reasons as discussed above, it is premature to award Defendants qualified immunity on this claim.

---

Magistrate Judge Dancks concluded that Defendants were entitled to qualified immunity because "[t]here is no authority from the Second Circuit or the Supreme Court supporting the right of Muslim inmates to have family present at all religious events." Id. at 25. With respect to the Equal Protection Clause claims, Magistrate Judge Dancks concluded that "[f]or the reasons discussed above regarding the First Amendment and RLUIPA, Defendants are entitled to qualified immunity from Plaintiff's equal protection claim for damages regarding family participation in Eid el-Adha." Dkt. # 20 at 26-27.

9

On the Equal Protection Clause claim, Magistrate Judge Dancks correctly concluded that the Equal Protection Clause "'bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Dkt. # 20 at 26 (quoting Bizzarro v. Miranda, 394 F.3d 82, 86 (2d Cir. 2005) (internal quotation marks omitted); see also LeClair v. Saunders, 627 F.2d 606, 609-10 (2d Cir. 1980) (same). On the present record, it is unclear the basis for the alleged disparate treatment between Islamic prisoners and those of other religious faiths as to the number of holy days that family members may participate with a prisoner. Assuming that a disparity exists on the basis of an impermissible consideration, as the Court must at this stage of the litigation, reasonable officers could anticipate that their actions violated Plaintiff's Equal Protection Clause rights even without a case precisely on point. See .e.g. Bizzarro, 394 F.3d at 86. Thus, qualified immunity on this claim must be denied as premature.

### b. Remainder of the Report-Recommendation

With respect to all other findings in Magistrate Dancks' Report-Recommendation, neither party has lodged any objections and the time for doing so has expired. After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice on any of these recommendations. findings. Therefore, the Court adopts these portions of the Report-Recommendation.

**IV. CONCLUSION**

For the reasons discussed above, the Court adopts Magistrate Judge Dancks' Report-Recommendation [dkt. # 20] in part. The Court **GRANTS** Defendants' motion to dismiss [dkt. # 12] with respect to: (1) the retaliation claim regarding meal prices; (2) the claims for damages against Defendants in their official capacities; (3) any claim asserted on behalf of other inmates and/or their guests; and (4) any claim asserting a generalized right to visitation. The (1) retaliation claim regarding meal prices is **DISMISSED with leave to amend**, and the (2) claims for damages against Defendants in their official capacities; (3) claims asserted on behalf of other inmates and/or their guests; and (4) any claim asserting a generalized right to visitation are **DISMISSED without leave to amend**.

The Court **DENIES** Defendants' motion to dismiss [dkt. # 12] with respect to (1) the First Amendment claim for injunctive relief regarding the length of Plaintiff's pants; (2) the RLUIPA claim for injunctive relief regarding the length of Plaintiff's pants; (3) the First Amendment claim for injunctive relief regarding family participation in Eid el-Adha; (4) the RLUIPA claim for injunctive relief regarding family participation in Eid el-Adha; (5) the Equal Protection Clause claim for injunctive relief regarding family participation in Eid el-Adha; (6) the Equal Protection Clause claim for damages and injunctive relief regarding meal prices; (7) the First Amendment and RLUIPA claims for damages regarding the length that Plaintiff may wear his pants while in general population; and (8) the First Amendment, RLUIPA, and Equal Protection Clause claims for damages regarding family participation in the Eid el-Adha observation at the correctional facility.

**Defendants are ordered to answer each of the remaining claims within thirty**

11

**(30) days from the date of this Decision and Order.**

**IT IS SO ORDERED.**

DATED: September 30, 2013

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge